THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

1:25-cv-827 (MAD/PJE)

| | |
|---|---|
| T.W., individually, and on behalf of all those similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant | CLASS ACTION COMPLAINT |

T.W., individually and on behalf of all those similarly situated, hereby complains against United Behavioral Health ("United") as follows:

## NATURE OF THE CASE

This proposed class action addresses United's improper behavior as insurer and administrator of ERISA health benefit plans in denying coverage for treatment of mental health and substance use disorders provided in "wilderness therapy" programs on the grounds that all or some component of that treatment is "experimental, investigational, or unproven."

"Wilderness therapy" is a broad umbrella that includes licensed outdoor behavioral healthcare programs – programs that involve intermediate inpatient mental health and substance use disorder treatment provided in an outdoor setting. In denying coverage for "wilderness therapy" programs, United breaches the terms of the ERISA plan documents under which it acts as insurer or administrator because it wrongly denies access to coverage for medically necessary services in violation of ERISA.

United's exclusion of wilderness therapy programs also violates the Mental Health Parity and Addiction Equity Act ("MHPAEA"). This is because United imposes more restrictive treatment limitations on benefits for mental health and substance use disorders than

1

it imposes on analogous levels of care for medical and surgical conditions. United's policy of summarily rejecting claims it characterizes as "wilderness therapy" on the grounds that they are "experimental, investigational, or unproven" is inconsistent with its coverage of medical/surgical therapies provided in an outdoor setting. It is also inconsistent with the way United treats intermediate medical/surgical treatments that are as effective as outdoor behavioral health programs have proven to be.

United's wrongful denial of coverage for "wilderness therapy" programs calls for remedies under both ERISA and MHPAEA for the Plaintiff and all similarly situated individuals.

*Allegations Specific to Class Representative Plaintiff, T.W.*

1. T.W. is a natural person.
2. T.W. was a participant in an insurance plan subject to ERISA (the "Plan").
3. The Plan was administered by United Behavioral Health.
4. T.W.'s daughter, S.W., was a beneficiary of the Plan.
5. S.W. received treatment for mental health disorders at a "wilderness therapy" program.
6. Claims for S.W.'s treatment were submitted to United for coverage under the terms of the Plan.
7. United denied coverage for S.W.'s treatment based on its conclusion that all or a component of the treatment was experimental, investigational, and unproven.

*Jurisdictional Information*

8. This Court has jurisdiction over this case under 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.
9. Venue is appropriate under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(c) based

2

on ERISA's nationwide service of process and venue provisions and because United has recently accepted venue in this jurisdiction in a similar class action lawsuit.[1]

10. The remedies the Plaintiff seeks, for herself and for all similarly situated individuals, are for the benefits due under the terms of the United issued and/or administered health benefit plans, for appropriate equitable relief based on United's violation of MHPAEA, an award of prejudgment interest, and an award of attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

*"Wilderness Therapy" Programs*

11. "Wilderness therapy" is a broad term that includes outdoor behavioral health programs licensed under state laws to treat mental health and substance use disorders.

12. Many wilderness therapy programs are accredited by national organizations such as the Joint Commission, f/k/a the Joint Commission on Accreditation of Healthcare Organizations, the Commission on Accreditation of Rehabilitation Facilities ("CARF") or the Association for Experiential Education ("AEE").

13. Accreditation of wilderness therapy programs provides greater assurance that the program operates under generally accepted standards of care and to ensure the safety and welfare of individuals in the wilderness therapy program.

14. Increasing numbers of studies of wilderness therapy programs over the last few decades have demonstrated that they are effective at treating the mental and behavioral healthcare needs of individuals to at least the same degree as other types

---

[1] *See id.*

3

of sub-acute inpatient treatment programs.

15. Health care professionals and insurers have recognized the increasing evidence of the effectiveness of these programs.

16. In 2016 the National Uniform Billing Committee, part of the American Hospital Association, provided a separate billing code for outdoor behavioral healthcare programs to use in billing payors of treatment for mental health and substance use disorders.

17. Increasing numbers of wilderness therapy programs are becoming accredited under the Joint Commission, CARF, or AEE and the number of accrediting organizations evaluating and accrediting wilderness therapy programs under their standards is also increasing.

18. In addition, various states are improving and increasing the strength of their regulatory standards to ensure wilderness therapy programs provide an effective and safe treatment setting and that the clinical needs for individuals being treated are addressed.[2]

*Class Allegations*

19. The Class is composed of individuals whose claims for mental health or substance use disorder treatment received at "wilderness therapy" programs were denied based on United's determination that at least a component of those services was "experimental, investigational, or unproven."

20. Per information United has already stipulated to in a separate lawsuit, the Class has

---

[2] Examples abound, but *see* Utah Admin. Code R501-8 (articulating standards for "Outdoor Youth Programs[,]" a type of outdoor behavioral health program that caters to minors with substance abuse or mental health disorders).

4

at least 255 members.[3]

21. United's denials of claims for mental health or substance use disorder treatment received in "wilderness therapy" programs as "experimental, investigational, or unproven" violates the terms of the ERISA plans that fall within the class definition, and further violates the fiduciary duties United owes the class under 29 U.S.C. §§ 1104(a)(1)(A) and (a)(1)(D), and MHPAEA.

22. Plaintiff seek certification under F.R.C.P. 23(b)(1), (b)(2) and (b)(3) of a class of all current and former participants and beneficiaries of ERISA-governed health benefit plans insured or administered by United.

23. The proposed class action is appropriate for certification under F.R.C.P. 23(a)(1) because tens of thousands of individuals are covered under ERISA plans and the hundred or more individuals whose claims for coverage for treatment in wilderness therapy programs have been wrongly denied are so numerous that joinder of each of the individuals as a plaintiff is impractical.

24. The proposed class action is appropriate for certification under F.R.C.P. 23(a)(2) because there are questions of law or fact that are common to the class, namely, whether United's categorical exclusion of wilderness therapy programs as "experimental, investigational, or unproven" is correct under the terms of the ERISA plan documents, the associated policies, and under MHPAEA.

---

[3] *See* Proposed Settlement Agreement from *R.B. v. United Behavioral Health*, attached as Exhibit "A," at 6. Plaintiff notes that the proposed class members for her class action are drawn from the discrepancy between the class definition the parties offered in the *R.B.* case (individuals whose claims for mental health treatment received at residential treatment facilities were denied on the grounds the treatment was experimental, investigational, or unproven) and the proposed release the parties attempted to gain approval for in that case (the release purportedly included the 255 individuals who received wilderness therapy).

25. Certification of the class action is proper under F.R.C.P. 23(a)(3) because the claims of the Plaintiff are typical of the members of the proposed class, because all prospective class members sought coverage of treatment in wilderness therapy programs and United denied coverage for that treatment based on the reasoning that it is experimental, investigational, or unproven.

26. The requirements of F.R.C.P. 23(a)(4) are satisfied in this case because the named representative of the proposed class will fairly and adequately protect the interests of the proposed class and Plaintiff's counsel has adequate experience and background in both health benefit litigation and consumer class action litigation to represent the proposed class.

27. Certification of a class action under F.R.C.P. 23(b)(1) is proper because prosecution of separate actions by all the individual members of the proposed class would create a risk of inconsistent and varying adjudication with respect to the individuals that would result in incompatible standards of conduct for United. This is an especially important factor in ERISA welfare benefit cases because United is charged with putting in place claim processes and safeguards to ensure that benefit claim determinations are made in accordance with ERISA plan documents and that governing plan language is applied consistently for similarly situated claimants.

28. Similarly, certification of a class action under F.R.C.P. 23(b)(1) is also proper because if this Court were to only issue a decision on the legal issue raised in Plaintiff's claims on an individual basis, it would be dispositive of the interests of the other members not parties to the individual adjudication or would substantially impair or impede their ability to protect their interests since legal precedent would be created on the interpretation of ERISA plan benefit language common to all class

6

members.

29. Certification of a class action under F.R.C.P. 23(b)(2) is also appropriate because whether United's uniform practice of denying wilderness therapy claims is proper is an issue that applies generally to the entire proposed class making final injunctive or declaratory relief appropriate.

30. Certification of a class action under F.R.C.P. 23(b)(3) is also appropriate because questions of law and fact common to the members of the Classes predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

31. To that end, (1) individual class members' interest in litigating separate actions would be low for a number of reasons including the difficulty of retaining and paying experienced counsel to litigate their claims; (2) it is highly desirable to concentrate this litigation in this particular forum so as to ensure that every member of this highly vulnerable population receives the coverage to which they are entitled under their plans; and (3) there likely would be little, if any, difficulties encountered in the management of this case as a class action.

## FIRST CAUSE OF ACTION

**(Claim for Benefits Against United Under 29 U.S.C. § 1132(a)(1)(B))**

32. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

33. ERISA imposes higher-than-marketplace quality standards on insurers and plan administrators. It sets forth a special standard of care upon plan fiduciaries such as United to "discharge [its] duties in respect to claims processing solely in the interests of the participants and beneficiaries" of the ERISA plan. 29 U.S.C. §

7

1104(a)(1).

34. ERISA also requires United, as an ERISA plan fiduciary, to discharge its duties "…in accordance with the documents and instruments governing the plan …."

35. United breached its obligations when it failed to act solely in the Plaintiff's interest and for the exclusive purpose of providing them benefits as required under the terms of the Defendant Plans and in a manner that provided a full and fair review of the Plaintiff's claims as required by ERISA, 29 U.S.C. § 1133.

36. United violated the requirements of 29 U.S.C. § 1133 and ERISA's claims procedure regulations when it failed to consider and respond to any of the documents and information the Plaintiff provided in her pre-litigation appeals and failed to engage in a meaningful dialogue with the Plaintiff about the nature of wilderness therapy treatment and the research and evidence demonstrating it was a safe and effective type of treatment for mental health and substance use disorders that fell within the scope of coverage for the Plaintiff's ERISA plans.

37. United also violates the terms of the ERISA benefit plans for proposed class members when it systematically denies coverage for wilderness therapy.

38. The terms of the T.W.'s Plan, as well as the terms of the respective healthcare benefit plans for the proposed class members, provide coverage for medically necessary treatment of mental health and substance use disorder as defined in the healthcare benefit plans insured and administered by United.

39. The language of the benefit plans requires coverage where, among other things, services are "in accordance with generally accepted standards of medical practice" and has been determined to be safe and effective in treating illness, injury, disease, or their symptoms.

40. wilderness therapy treatment falls within the scope of the coverage language of the Plans for the named Plaintiff and all similarly situated individuals because the wilderness therapy treatment at issue in this case was provided in Utah state licensed programs, has been given a revenue code by the National Uniform Billing Committee for use in allowing the services to be billed for payment to insurers and ERISA plans, has been demonstrated by research and studies to be safe and effective in treating mental health and substance use disorders.

41. The wilderness therapy treatment provided to the Plaintiff and to all similarly situated proposed class members qualifies for coverage under the terms of the healthcare benefit plans at issue in this case, because it is not in fact experimental, investigational, or unproven.

42. The Plaintiff, for herself and the class, is entitled to this Court's order that United's exclusion of coverage wilderness therapy violates the terms of the respective ERISA plans and, that the Plaintiff and the class members are entitled to payment of the wilderness therapy expenses that United wrongly denied, and for an award of prejudgment interest and attorney fees under 29 U.S.C. § 1132(g).

## SECOND CAUSE OF ACTION

**(Claim for Violation of MHPAEA Against United Under 29 U.S.C. § 1132(a)(3))**

43. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

44. MHPAEA is incorporated into ERISA and is enforceable by ERISA participants and beneficiaries as a requirement of both ERISA and MHPAEA.

45. MHPAEA requires ERISA plans to provide no less generous coverage for treatment of mental health and substance use disorders than they provide for treatment of

analogous levels of medical and surgical disorders.

46. Specifically, MHPAEA prohibits ERISA plans from imposing treatment limitations on mental health or substance use disorder benefits that are more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits. 29 U.S.C. § 1185a(a)(3)(A)(i)

47. MHPAEA also prohibits separate treatment limitations that are applicable only to mental health or substance use disorder benefits. 29 U.S.C.§ 1185a(a)(3)(A)(ii).

48. Impermissible treatment limitations under MHPAEA include, but are not limited to, medical management standards limiting or excluding benefits based on medical necessity, restrictions based on geographic location, facility type, provider specialty, and other criteria that limit the scope or duration of benefits for mental health or substance use disorder treatment. 29 C.F.R. §2590.712(c)(4)(ii)(A) and (H).

49. Under T.W.'s Plan and other ERISA plans insured or administered by United, medical/surgical benefits analogous to wilderness therapy programs include sub-acute inpatient treatment settings such as skilled nursing facilities, inpatient hospice care, and subacute inpatient rehabilitation facilities.

50. United does not exclude coverage at skilled nursing facilities based on a contention that all or a component of such services is experimental, investigational, or unproven.

51. United does not exclude coverage at inpatient hospice facilities based on a contention that all or a component of such services is experimental, investigational, or unproven.

52. United does not exclude coverage at subacute inpatient rehabilitation facilities

based on a contention that all or a component of such services is experimental, investigational, or unproven.

53. Further, United imposed more restrictive treatment limitations in evaluating whether wilderness therapy programs are "experimental, investigational, or unproven" than it imposed on analogous medical/surgical treatment.

54. United does not categorically label medical/surgical treatments that have been licensed by applicable state agencies, for which a billing code has been provided by the national Uniform Billing Committee, or for which accreditation by The Joint Commission, CARF, or AEE is available as "experimental, investigational, or unproven."

55. The difference in United's practices in how it evaluates the safety and effectiveness of wilderness therapy programs compared to how it evaluates analogous medical/surgical treatment results in a disparity in treatment limitations because United denies coverage for wilderness therapy while paying for comparable medical/surgical treatments.

56. This disparity violates 29 C.F.R. §2590.712(c)(4)(i) because the terms of the ERISA benefit plans, as written or in operation, use processes, strategies, and evidentiary standards to limit coverage for mental health or substance use disorder treatment in a way that is inconsistent with, and more stringently applied, than the processes, strategies, evidentiary standards or other factors used to limit coverage for medical treatment in the same classification.

57. The violations of MHPAEA by United are breaches of fiduciary duty and give the Plaintiff the right to obtain appropriate equitable remedies as provided under 29 U.S.C. §1132(a)(3) including, but not limited to:

11

    a. A declaration that United's actions violate MHPAEA;

    b. An injunction ordering United to cease violating MHPAEA and requiring compliance with the statute;

58. An order requiring the reformation of the terms of United's Plan documents and its internal process evaluating wilderness therapy to comply with MHPAEA;

59. An order requiring disgorgement of funds obtained or retained by United as a result of its violation of MHPAEA;

60. An order requiring an accounting by United of the funds it has wrongly withheld from participants and beneficiaries as a result of the Defendants' violations of MHPAEA;

61. An order based on the equitable remedy of surcharge requiring United to provide payment to participants and beneficiaries as make-whole relief for their losses;

    a. An order equitably estopping United from denying the Plaintiffs' claims in violation of MHPAEA; and

    b. An order providing restitution from United to the Plaintiffs for their losses arising out of United's violation of MHPAEA.

62. In addition, Plaintiff is entitled to an award of prejudgment interest and attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiffs, on behalf of the putative class members, pray for judgment against Cigna as follows:

1. For an Order certifying the proposed classes under F.R.C.P. 23(b)(1), (b)(2) and (b)(3);

2. For the relief outlined in the First and Second Causes of Action outlined above;

3. Attorney fees and costs incurred pursuant to 29 U.S.C. §1132(g); and

4. For such further relief as the Court deems just and proper.


/s/ Brian S. King

Brian S. King, UT Bar No. #4610
*Pro Hac Vice*
**BRIAN S. KING, P.C.**
420 East South Temple, Suite 420
Salt Lake City, UT 84111
Telephone: (801) 532-1739
Facsimile: (801) 532-1936
brian@briansking.com

Attorney for Plaintiff-Class

13